UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>JUAN JOSE ALCALA-VELASQUEZ,<br><br>　　Defendant. | NOS. CR-02-312-RHW<br>　　　　CV-07-272-RHW<br><br>**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY** |

　　Before the Court is Defendant Juan Jose Alcala-Velasquez's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Ct. Rec. 75).

　　Defendant plead guilty to Conspiracy Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1). On July 9, 2004, the Court sentenced him to 120 months in prison, 5 years supervised release, and a $100 criminal monetary penalty . Defendant appealed his sentence and the Ninth Circuit affirmed. The mandate was received on August 16, 2005.

　　Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Rule 4") the Court must independently examine a Section 2255 motion to determine whether summary dismissal is warranted. Dismissal is appropriate if the movant's "allegations, viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *Marrow v. United States*, 772 F.2d

**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY ~ 1**

525, 526 (9th Cir. 1985); *see also United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003).

On November 6, 2007, the Court entered an Order to Show Cause Why Summary Dismissal is Not Appropriate (Ct. Rec. 76). On December 13, 2007, Defendant filed his response. Defendant asserts that he has been pursuing his rights diligently from the date when he had knowledge of the possibility of post-conviction relief. Defendant argues his attorney's failure to indicate that he had one year to file a habeas petition was so egregious and atypical, which resulted in extraordinary circumstances justifying equitably tolling the one-year statute of limitation of the Anti-Terrorism and Effective Death Penalty Act. Defendant also argues that he needed to spend time to enhance his English skills prior to filing his habeas petition.

The Court finds that Defendant has not met his burden of showing that the statute of limitations should be equitably tolled.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Ct. Rec. 75) is **DISMISSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to the Defendant.

**DATED** this 28th day of March, 2008.


*s/Robert H. Whaley*
ROBERT H. WHALEY
Chief United States District Judge

Q:\CRIMINAL\2002\alcala-velasquez\dismiss.wpd

**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY ~ 2**